**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| Josue Gabriel Ixtamer Cali,<br>Petitioner<br>-vs-<br>Luis Rosa, Jr., et al.,<br>Respondents. | CV-26-1295-PHX-JCH (JFM)<br><br>**Report & Recommendation**<br>**on Petition for Writ of Habeas Corpus** |
| --- | --- |

## I.  MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Florence Service Processing Center, Florence, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241on February 24, 2026 (Doc. 1) challenging his continued detention completion of an administrative appeal on his removal to Guatemala.

The matter is now ripe for consideration for dismissal for failure to prosecute. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II.  RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A.  FACTUAL AND PROCEDURAL BACKGROUND

On March 10, 2026, mail from the Clerk of the Court to Petitioner at his address of record at the Florence Service Processing Center was returned undeliverable, reflecting that Petitioner was "Not in Custody." (The returned mail was forwarding the Notice of Assignment filed February 24, 2026 (Doc. 3).)  In an effort to confirm an address, the Court consulted ICE's Online Detainee Locator System, but was unable to locate a record

for Petitioner.

Nonetheless, on March 11, 2026 the Court issued an Order to Show Cause (Doc. 9) giving Petitioner 10 days to file a notice of change of address or to show cause why the case should not be dismissed. Petitioner's copy of that Order was also returned (Doc. 16) undeliverable on March 23, 2026 indicating Petitioner was "no longer in custody".

In the interim, on March 18, 2026, Respondents filed their Response (Doc. 13) to the Petition asserting Petitioner remained detained pending an appeal of his removal order. The Court observed that the Response included no certificate of service (and thus no address for Petitioner), and ordered Respondents to "file a Notice providing a certificate of service of the Response (Doc. 13) on Petitioner at his current place of custody, and providing the address of service." (Order 3/19/26, Doc. 14.)

On March 24, 2026 Respondents filed a Response (Doc. 15) to that Order asserting Petitioner had been removed to Guatemala on February 14, 2026, and thus the Petition was rendered moot. The Response asserted "Petitioner is no longer in ICE custody and cannot receive mail."

On March 31, 2026, Petitioner's copy of the March 19, 2026 Order (Doc. 14) was returned undeliverable, again indicating Petitioner is no longer in custody. (Doc. 18.)

### III. APPLICATION OF LAW TO FACTS
### A. MOOTNESS OF HABEAS PETITION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 395, 100 S.Ct. 1202, 1208 (1980). This limitation restricts the jurisdiction of the federal courts to cases where there is a possible judicial resolution. Id. A moot action is not subject to a judicial resolution.

A moot action is one in which the parties lack a legally cognizable interest in the outcome. The test for mootness is whether the court can give a party any effective relief in the event that it decides the matter on the merits in their favor. "That is, whether the

court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

A habeas petition may be rendered moot following a subsequent release from custody, absent other, collateral consequences that flow from the complained of imprisonment. *Lane v. Williams*, 455 U.S. 624 (1982). While the existence of such collateral consequences is irrebuttably presumed in some habeas challenges to criminal convictions, *see e.g., Sibron v. New York*, 392 U.S. 40 (1968); *Chacon v. Wood*, 36 F.3d 1459 (9th Cir. 1994), no such presumption applies to habeas petitions challenging deportation orders.

Here, Petitioner does not challenge his underlying removal order, but merely his continued detention pending the execution of that order. However, although that detention has terminated, Petitioner has purportedly been deported and is precluded from re-entry into the country. However, Petitioner has not yet been heard from on whether the matter is moot.

In light of Petitioner's failure to prosecute, the Court need not resolve that issue to dispose of this matter.

## B. FAILURE TO PROSECUTE

Petitioner has failed to keep his current address on file with the Court, as required by Local Rule of Civil Procedure 83.3(d). It is the duty of a party who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Petitioner. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Petitioner's failure to keep the Court informed of his new address constitutes failure to prosecute.

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control

necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). "Accordingly, when circumstances make such action appropriate, a District Court may dismiss a complaint for failure to prosecute even without affording notice of its intention to do so or providing an adversary hearing before acting. Whether such an order can stand on appeal depends not on power but on whether it was within the permissible range of the court's discretion." *Id.* at 633.

In determining whether an abuse of discretion has occurred, a number of factors are relevant, including the plaintiff's diligence, the trial court's need to manage its docket, the danger of prejudice to the party suffering the delay, the availability of alternate sanctions, the existence of warning to the party occasioning the delay, and the preference of resolution of a matter on the merits. *See, e.g., Hamilton v. Neptune Orient Lines, Ltd.*, 811 F.2d 498, 499 (9th Cir.1987).  All of these factors other than a determination on the merits call for a dismissal.

Petitioner appears to have abandoned this action upon his release from custody. Petitioner has had over six weeks since his release by removal to file a notice of change of address.  Further delay to the Court and to Respondents is not warranted.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed February 24, 2026 (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

## V.  EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

However, pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall

have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  *See also* Rule 8(b), Rules Governing Section 2254 Proceedings.   Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

In addition, the parties are cautioned Local Civil Rule 7.2(e)(3) provides that "[u]nless otherwise permitted by the Court, an objection to a Report and Recommendation issued by a Magistrate Judge shall not exceed ten (10) pages."

Dated: April 6, 2026

26-1295r RR 26 04 01 on HC.docx

James F. Metcalf
United States Magistrate Judge