WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josue Gabriel Ixtamer Cali, | No. CV-26-01295-PHX-JCH |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

Before the Court is Magistrate Judge James E. Metcalf's Report and Recommendation ("R&R"), which recommends dismissing the above-captioned case without prejudice for failure to prosecute. (Doc. 20). For the following reasons, the Court will adopt the R&R in full.

## I. Procedural History

Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on February 24, 2026, challenging his continued detention pending completion of administrative appeal on his removal to Guatemala. (Doc. 1.) The Petition asserts Petitioner was "currently detained . . . at the Florence Processing Center." (Doc. 1.) On March 10, 2026, the Court received notice that mail sent to Petitioner at the Florence Service Processing Center was returned as undeliverable because Petitioner was not in custody. (Doc. 8.) On March 11, 2026, Judge Metcalf issued an Order to Show Cause for failure to prosecute, giving Petitioner 10 days to respond to the Order. (Doc. 9.)

On March 18, 2026, Respondents filed a Response to the Petition, stating Petitioner

"is currently at Florence Service Processing Center" and "has an ongoing appeal of this removal order." (Doc. 13 at 1.) The next day, Judge Metcalf ordered Respondents provide a certificate of service of the Response on Petitioner as his current place of custody and the address of service. (Doc. 14.)

On March 25, 2025, Respondents informed the Court:

> Petitioner was removed to Guatemala on February 14, 2026. . . . [S]omeone at ICE failed to do the proper checks before removing Petitioner because his appeal at the Board of Immigration Appeals (BIA) is still pending. As a result, Petitioner is no longer in ICE custody and cannot receive mail.

(Doc. 15.) Respondents then stated that Petitioner's removal from the United States made his Petition moot and requested the Court deny the Petition accordingly. (*Id.* at 2–3.)

On April 4, 2026, Judge Metcalf issued an R&R which declined to resolve whether the Petition was moot in favor of dismissing the Petition for failure to prosecute. (Doc. 20.) Neither party objected to the R&R, and the Petitioner has not filed any documents or otherwise interacted with this Court since his February 24, 2026 Petition. (*See generally* docket.)

## II.    Analysis

Where, as here, no party objects to the R&R, the district judge is not required to review the magistrate judge's R&R under any specified standard of review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the district judge may conduct further review, "sua sponte or at the request of a party, under a de novo or any other standard." *Id.* at 154. The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

The Court has reviewed and considered the Petition, Respondent's Responses, and the R&R. The Court finds the R&R is well-reasoned and adopts Judge Metcalf's findings and conclusions in full.

**III.    Order**

Accordingly,

**IT IS ORDERED adopting in full** the R&R (Doc. 20.)

**IT IS FURTHER ORDERED denying** the Petition and **dismissing without prejudice** the above-captioned matter. The Clerk of the Court shall docket this matter accordingly and close this case.

Dated this 20th day of April, 2026.

_____
John C. Hinderaker
United States District Judge